IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**BRIAN HARRIS PALMER,**

    **Petitioner,**

v.                                                                                                                                **No. 21-cv-1223 WJ/SMV**

**TIM HATCH, WARDEN,**
**CENTRAL NEW MEXICO CORRECTIONAL FACILITY,**

    **Respondent.**

### ORDER PURSUANT TO *CASTRO V. UNITED STATES*

THIS MATTER is before the Court on the handwritten letters filed by Petitioner Brian Harris Palmer on December 29, 2021, and January 10, 2022. [Docs. 1, 2]. As best as the Court can discern, Palmer does not seek to initiate federal habeas corpus claims in this Court at this time. Instead, he asks this Court to order the production of evidence he needs for the habeas corpus claims he is raising in New Mexico state court. However, there is no legal mechanism for this Court to order the production of evidence for Palmer's state-court case. Knowing that the Court cannot order the production of any evidence for his state-court case, Palmer must decide how he would like to proceed in this Court, if at all. He has two options. First, Palmer may elect to pursue federal habeas corpus claims (i.e., claims under 28 U.S.C. § 2254) in this Court now. Or, second, he could voluntarily close this case.

Palmer's first letter refers to "My Constitutional Rights and Access to My Discovery and Evidence From My Case." [Doc. 1] at 1. He states that he is attempting to exhaust his state-court

remedies to challenge his state criminal conviction,[1] but he is having trouble gathering evidence. *Id.*  Palmer asks this Court to order the state prosecutor's office (and others) to provide him discovery and evidence for his state-court habeas corpus case.  [Docs. 1, 2].  This Court cannot order the production of discovery or evidence for use in a state-court case.  Simply put, the Court has no power to help Palmer obtain any evidence for his state-court case.

      Although it appears that Palmer is not ready to initiate federal habeas corpus claims at this time, [Docs. 1, 2], the Court will grant Palmer 30 days to decide.  The Clerk of Court will send Palmer a form § 2254 petition and instructions.  If Palmer elects to purse to federal habeas corpus claims in this Court now, he would be required to file a petition that "(1) specif[ies] **all grounds** for relief available to [him]; (2) state[s] the facts supporting each ground; (3) state[s] the relief requested; (4) [is] printed, typewritten, or legibly handwritten; and (5) [is] signed under penalty of perjury."  Rule 2 of the Rules Governing Section 2254 Proceedings for the United States District Courts (emphasis added).  Palmer must be advised that if he elects to pursue federal habeas corpus relief in this Court at this time, he would likely have only *one* opportunity to raise his claims.  *See Castro v. United States,* 540 U.S. 375, 383 (2003).  This is because of a restriction on "second or successive" petitions.  28 U.S.C. § 2244(b); *see Castro*, 540 U.S. at 383.

      Nothing in this order affects the one-year statute of limitations for § 2254 petitions.  *See* 28 U.S.C. 2244(d)(1).

      **IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Palmer's request for the production of discovery and evidence is **DENIED**.

---

[1] He says he is challenging his conviction in state court case number D-202-CR-2014-02907.  [Doc. 1] at 1.

**IT IS FURTHER ORDERED** that the Clerk of Court **MAIL** to Palmer a copy of this Order along with a form § 2254 petition and instructions.

**IT IS FURTHER ORDERED** that, **no later than February 14, 2022**, Palmer advise the Court as to how he wishes to proceed. He may (1) elect to pursue federal habeas relief at this time by filing a § 2254 petition that lists all his claims no later than February 14, 2022. Or he may (2) dismiss this action by filing a notice of dismissal no later than February 14, 2022. If Palmer does not respond by February 14, 2022, this action may be dismissed without prejudice without further warning.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**UNITED STATES MAGISTRATE JUDGE**