# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

_____

BRIAN HARRIS PALMER,

     Petitioner,

v.                                       No. 21-cv-1223 WJ-SMV

RONALD MARTINEZ and
ATTORNEY GENERAL FOR
THE STATE OF NEW MEXICO,

     Respondents.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Petitioner Brian Harris Palmer's amended 28 U.S.C. § 2254 habeas petition (Doc. 6) (Petition).   Palmer challenges his 2015 state convictions based on, inter alia, due process violations and ineffective assistance of counsel.   Having reviewed the matter *sua sponte* under Habeas Corpus Rule 4, the Court will require Palmer to show cause why his Petition should not be dismissed as untimely.

## BACKGROUND[1]

In 2015, a jury convicted Palmer of criminal sexual penetration resulting in personal injury and kidnapping.   *See* Verdict in D-202-CR-2014-2907.   The state court sentenced him to 18 years imprisonment, followed by a term of parole.   *See* Judgment in D-202-CR-2014-2907.   Judgment on the conviction and sentence was entered October 6, 2015.   *Id.*   Palmer filed a direct appeal.

---

[1] To better interpret the citations in the Petition, the Court takes judicial notice of Tolbert's state court criminal dockets, Case No. D-202-CR-2014-2907; S-1-SC-37718; and S-1-SC-38821.   *See United States v. Smalls*, 605 F.3d 765, 768 n. 2 (10th Cir. 2010) (recognizing a court may take judicial notice of docket information from another court).

The New Mexico Court of Appeals (NMCA) affirmed the Judgment. *See State v. Palmer,* 2019 WL 2089545, at *1 (N.M. Ct. App. May 7, 2019). Palmer sought certiorari review with the New Mexico Supreme Court (NMSC), which was denied by an Order entered August 1, 2019. *See Order Denying Petition in S-1-SC-37718.* Palmer did not seek further review with the United States Supreme Court (USSC). *See* Doc. 6 at 3. The Judgment therefore became final no later than October 31, 2019, the first day following expiration of the 90-day federal certiorari period. *See Rhine v. Boone,* 182 F.3d 1153, 1155 (10th Cir. 1999) (for purposes of § 2254, a conviction becomes final when "the [USSC] has denied review, or, if no petition for certiorari is filed, after the time for filing a petition for certiorari with the [USSC] has passed").

On November 26, 2019, Palmer filed the first of several state post-conviction motions. The following timeline reflects the state court docket activity between 2019 and 2021, when Palmer filed the federal case.[2]

October 31, 2019:   The Judgment becomes final.

### - 26 days pass -

Nov. 26, 2019:   Palmer files a motion to reconsider sentence.

Dec. 19, 2019:   The state court denies the motion.

Jan. 20, 2020:   Palmer declines to appeal, and the order is final.

Jan. 21, 2020:   Statutory tolling ceases, and the clock starts ticking.

### - 281 days pass -

Oct. 28, 2020:   Palmer files a state habeas petition.

---

[2] The Court assumes a 30-day appeal period should be added each time the state trial court denied a filing by Palmer. *See* NMRA, Rule 12-201 (a direct appeal must be filed within 30 days after entry of the challenged ruling).

April 21, 2021:   The state court denies the petition.

Aug. 5, 2021:   The NMSC denies certiorari relief.

Aug. 6, 2021:   Statutory tolling ceases, and the clock continues ticking.

   **- 63 days pass –**

Oct. 8, 2021:   Palmer files a state motion for transport and polygraph.

Nov. 1, 2021:   Palmer files another state habeas petition.

Dec. 29, 2021:   Palmer files the federal § 2254 proceeding.

*See* Docket Sheet in D-202-CR-2014-2907; S-1-SC-38821. Palmer continued to prosecute his state habeas petitions after he initiated the federal proceeding.   The state court entered its most recent order denying habeas relief on May 12, 2022.   *See* Order on Petition for Writ of Habeas Corpus in D-202-CR-2014-2907.

   In the instant § 2254 Petition, Palmer argues, inter alia, he is innocent; his trial and appellate attorneys were ineffective; the Government failed to present sufficient evidence to satisfy each element of the crimes; and the state court erred in its evidentiary rulings.   Palmer paid the $5 filing fee, and the matter is ready for initial review.

### DISCUSSION

   Petitions for a writ of habeas corpus by a person in state custody must generally be filed within one year after the criminal judgment becomes final.   28 U.S.C. § 2244(d)(1)(A).   The one-year limitation period can be extended:

   (1)     While a state habeas petition is pending, § 2244(d)(2);

   (2)     Where unconstitutional state action has impeded the filing of a federal habeas petition, § 2244(d)(1)(B);

3

(3)     Where a new constitutional right has been recognized by the Supreme Court, §

2244(d)(1)(C); or

(4)     Where the factual basis for the claim could not have been discovered until later, §

2244(d)(1)(D).

Equitable tolling may also available "when an inmate diligently pursues his claims and

demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his

control." *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000).

Palmer's Judgment became final, and the one-year limitation period began to run, after

expiration of the direct appeal period on October 31, 2019.  *See Rhine,* 182 F.3d at 1155.

Twenty-six (26) days elapsed before Palmer filed his first state motion to reconsider, which stopped

the clock pursuant to § 2244(d)(2).   That proceeding remained pending until January 20, 2020,

when the state appeal period expired.  *See Lawrence v. Florida*, 549 U.S. 327, 332 (2007) (for

purposes of § 2244(d)(2), a state habeas proceeding remains pending until "the State's highest court

has issued its mandate or denied review").   "The next day [January 21, 2020] statutory tolling

ceased," and the remaining "time for filing a federal habeas petition [339 days][3] resumed…."

*Trimble v. Hansen*, 2019 WL 990686, at *2 (10th Cir. Feb. 28, 2019) (addressing complex tolling

calculations under § 2244).   The state docket reflects there was no additional statutory tolling for

281 of the remaining 339 days.

Palmer filed his next statutory tolling motion on October 28, 2020, and that proceeding

remained pending until the NMSC denied certiorari relief on August 5, 2021.  *See Lawrence,* 549

---

[3]  The Court arrived at this figure by subtracting the number of days that initially elapsed (26) from the one-year period (*i.e.,* 365 days in a year - 26 days = 339 remaining days).

U.S. at 332.   Statutory tolling again ceased the next day, on August 6, 2021.   *See Trimble*, 2019

WL 990686, at *2.   As of that date, a total of 307 non-tolling days had passed since the Judgment

became final (*i.e.,* 26 non-tolling days in 2019, plus 281 non-tolling days in 2020).   Fifty-eight

(58) days remained in the one-year limitation period.   The state docket reflects Palmer did not file

any state tolling motions during the next 58 days.   The limitation period therefore expired no later

than October 3, 2021.   Any state tolling motions filed after that date did not - as Palmer may

believe - restart the clock or otherwise impact the expired limitations period.   *See Fisher v. Gibson,*

262 F.3d 1135, 1142-1143 (10th Cir. 2001).   Accordingly, the federal proceeding filed on

December 29, 2021 appears time-barred.[4]

The Court discerns Palmer may seek to overcome the time-bar by asserting a claim of actual

innocence.   "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may

pass whether the impediment is a procedural bar [or] ... expiration of the statute of limitations."

*McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).   "Th[e] actual innocence exception is rare and

will only be applied in the extraordinary case."   *Lopez v. Trani*, 628 F.3d 1228, 1231 (10th Cir.

2010) (quotations omitted).   A habeas petitioner must "'persuade[] the district court that, in light

of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a

reasonable doubt.'"   *Burke v. Bigelow*, 792 Fed. App'x 562, 565 (10th Cir. 2019) (quoting

*McQuiggin*, 569 U.S. at 386).

Here, the victim testified that a man committed criminal sexual penetration by grabbing her

---

[4]   In the timeliness section of the Petition, Palmer suggests he signed and filed the opening pleading (Doc.
1) in this case on October 14, 2021, rather than in December of 2021.   *See* Doc. 6 at 49-50.   This is factually
incorrect, as the opening pleading contains a handwritten signature line with the date "12.26.21" next to
Palmer's signature.   *See* Doc. 1 at 3.

at twilight and holding her down near rocks and bushes.   *See* Doc. 6 at 8-9.   Palmer was arrested

within minutes, and the victim identified him while he was lying face-down on the ground.   *Id.* at

10.   To support his claim of innocence, Palmer points to the lack of DNA evidence along with

various alleged defects in the victim's story and the investigation.   *Id.* at 11, 17.   He also

volunteers to take a polygraph test.   The actual innocence exception pertains to "factual innocence,

not mere legal insufficiency."   *Pacheco v. El Habti*, 48 F.4th 1179, 1186 (10th Cir. 2022).

Palmer's allegations do not show he is factually innocent or that no reasonable juror could have

voted to convict.   *See Daniel v. Dowling,* 737 Fed. App'x 852, 855 (10th Cir. 2018) (rejecting

habeas claims based on actual innocence/insufficient evidence and noting the "lack of physical

evidence does not doom a conviction").   The Petition therefore fails to overcome the time-bar in

this case.

Rather than dismissing the Petition outright, and in accordance with local custom, the Court

will allow Palmer to file a response containing more information about the time-bar and the actual

innocence exception.   The response must be filed within thirty (30) days of entry of this Order.

Failure to timely respond and overcome the time-bar will result in dismissal of this habeas action

without further notice.

**IT IS ORDERED** that within thirty (30) days of entry of this ruling, Palmer must file a

response showing cause, if any, why his § 2254 Petition should not be dismissed as untimely.

**SO ORDERED**.

_____

WILLIAM P. JOHNSON

CHIEF UNITED STATES DISTRICT JUDGE